United States District Court
Southern District of Texas

**ENTERED**

April 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Roberto Berdeja Rubio, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-19-4713 |
| | § | |
| Harbor Freight Tools, | § | |
| Texas Department of Criminal | § | |
| Justice, and Emilia Salinas/ | § | |
| Talking House, | § | |
| Defendants. | § | |

## Memorandum and Recommendation

Roberto Berdeja Rubio sued Defendants for employment discrimination. The court recommends that Rubio's case be dismissed with prejudice for lack of subject matter jurisdiction.

Rubio's complaint purports to allege employment discrimination, but it is largely incomprehensible, unintelligible and frivolous. For example, as to Harbor Freight Tools, he alleges "[i]llegal cyber bullying extraction, genocide mass distraction." He accuses Ms. Salinas not only of genocide, but also of applying an electrical current to his body. Rubio's complaints against Texas Department of Criminal Justice (TDC) relate to his conviction for sexual assault of his daughter.

Because the court could not understand Rubio's claims, a hearing was held. At the hearing, in response to general inquiries about the case, Rubio explained he was "turned on," that he was being cyber-bullied by an unknown person, and that he was being "extracted." By "extracted" Rubio means that a "computer program" was "pulling [his] power . . . out of his body."

The court allowed Rubio an opportunity to amend his complaint. The court explained that Rubio should write down what

each of the defendants has done to him that caused him to sue. Rubio filed a document entitled "Letter to President of the United States of America Mr. Trump." This filing, which the court construes to be Rubio's amended complaint, is eighty pages long, including attachments. In it, he discusses at length his prior conviction for sexual assault of his daughter. Rubio's discussion of his employment at Harbor Freight includes an allegation that he was hooked up to a computer system and "extracted." He describes people speaking without moving their mouths. He mentions a "new world order," "big brother," terrorism, and cybersecurity. In short, the amended complaint makes no more sense than his original complaint.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction. *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). When a plaintiff's claims are entirely frivolous, the district court lacks power to entertain them. *Atakapa Indian de Creole Nation v. State of Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019). "Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)). Thus, this court has no power to adjudicate a claim that is "wholly insubstantial and frivolous," that is, a claim that is "obviously without merit." *Atakapa*, 943 F.3d at 1006.

Rubio's claims are obviously without merit. In his complaint, in his letter to the President, and during the hearing before the court, Rubio has alleged nothing but impossible and somewhat delusional complaints. He believes people are speaking without moving their mouths, that defendants "extracted" him by hooking him up to a machine, and that the defendants are committing "genocide." These are just examples.

This court lacks subject matter jurisdiction because Rubio's claims are completely devoid of merit as not to involve a federal

controversy. The court recommends that this case be dismissed with prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 3, 2020.

Peter Bray
United States Magistrate Judge